**UNITED STATES of America,**
**Respondent–Appellee,**

v.

**Maryann Guzman Cayanan JOSE,**
**Petitioner–Appellant.**

No. 02–15438.

D.C. Nos. CV–01–00003–JSU,
CR–99–00010–01–JSU.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

MEMORANDUM **

Maryann Guzman Cayanan Jose, a federal prisoner, challenges the district court's refusal to conduct an evidentiary hearing before denying her 28 U.S.C. § 2255 motion.[1] Jose challenges her 240–month sentence for criminal conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 2253.[2] We review for an abuse of discretion the district court's refusal to conduct an evidentiary hearing, *United States v. Christakis,* 238 F.3d 1164, 1168 (9th Cir.2001), and we reverse and remand.

Jose contends that the district court abused its discretion by failing to conduct an evidentiary hearing to consider: whether the government breached the plea agreement by failing to move for a substantial assistance downward departure pursuant to United States Sentencing Guidelines § 5K1.1; and whether her trial counsel was ineffective by failing to object to this alleged breach, and by failing to file a direct appeal on her behalf. The government concedes that an evidentiary hearing was required. *See United States v. Mikaelian,* 168 F.3d 380, 385 (9th Cir.1999) (stating that a defendant's objection to the government's refusal to move for a departure pursuant to § 5K1.1 on the grounds that it acted in bad faith raises a factual dispute which must be resolved by the

---

1. The clerk is directed to conform the docket for this case to the caption set forth above.

2. Because the appeal waiver contained in the plea agreement specifically allows Jose to appeal the sentence imposed, we have jurisdiction to consider this matter.

district court). Based upon the government's concession of error, we reverse and remand for further proceedings, but express no opinion as to the appropriate outcome.

REVERSED and REMANDED.

* We grant appellees' request to substitute Mike Yarborough as the appellee. *See* Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.